FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 14 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: RJ/DJ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEREMY E. DANIELS, )
)
Plaintiff, )
) Case No. 2:26-cv-03361-GMN-EJY
v. )
) PETITION FOR WRIT OF MANDAMUS
UNITED STATES OF AMERICA, ) (28 U.S.C. § 1361; 5 U.S.C. § 706)
SECRETARY OF THE ARMY, and )
SECRETARY OF VETERANS AFFAIRS, )
)
Defendants. )
______________________________________)

COMES NOW Plaintiff Jeremy E. Daniels, pro se, and petitions this Court for a Writ of Mandamus pursuant to 28 U.S.C. § 1361 and the Administrative Procedure Act (5 U.S.C. § 706) to compel Defendants to perform non-discretionary, ministerial duties mandated by federal statute and military regulations. In support thereof, Plaintiff alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff Jeremy E. Daniels is a medically retired United States Army Staff Sergeant (E-6) residing in the State of Nevada.

2. Defendant United States of America is joined pursuant to applicable waiver of sovereign immunity under the Administrative Procedure Act.

3. Defendant Secretary of the Army controls the U.S. Army Human Resources Command (HRC) and the Army Board for Correction of Military Records (ABCMR), responsible for accurate maintenance of military service records and execution of 10 U.S.C. § 1413a (Combat-Related Special Compensation).

4. Defendant Secretary of Veterans Affairs controls the Veterans Health Administration, responsible for secure medical care administration and compliance with the Privacy Act of 1974 (5 U.S.C. § 552a).

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361 (Mandamus), and 5 U.S.C. § 706.

## II. STATEMENT OF FACTS

6. On July 1, 2006, while serving on active duty in a combat theater of operations (Camp Anaconda, Balad, Iraq), Plaintiff sustained service-connected neurological trauma and line-of-duty injuries officially documented by his aviation unit commanders and Air Force theater hospital medical staff (See Exhibit A).

7. On June 19, 2008, the U.S. Army Physical Evaluation Board (PEB), via DA Form 199, formally acknowledged and admitted that Plaintiff's unfitting neurological conditions were incurred in a combat zone during combat-related operations (See Exhibit A).

8. Notwithstanding said combat-zone determination, administrative personnel committed clear clerical and ministerial error on permanent retirement documentation by designating Plaintiff's combat-related injury status, 26 U.S.C. § 104 tax exemption, and Line of Duty armed conflict findings as "Not Applicable," directly contradicting the medical board's explicit findings and blocking statutory Combat-Related Special Compensation (CRSC) (See Exhibit A).

9. Plaintiff submitted proper administrative applications (DD Form 149) to correct said military records and issue a corrective DD Form 215, which Defendants have unreasonably and unlawfully delayed and refused to process.

10. Furthermore, on or about 2026, Defendant Department of Veterans Affairs unlawfully breached Plaintiff's Protected Health Information (PHI) by transmitting unencrypted medical data regarding Community Care Referral VA0062963031 over commercial Gmail servers, violating the Privacy Act of 1974 (5 U.S.C. § 552a) and failing to report said breach in accordance with mandatory timelines (See Exhibit B).

11. Congressional inquiry into said data breach and administrative failure resulted in an official written refusal from legislative staff to assist Plaintiff, directing a catastrophically disabled veteran back to the compromised agency (See Exhibit C).

## III. CLAIMS FOR RELIEF

### COUNT I: PETITION FOR WRIT OF MANDAMUS TO COMPEL RECORD CORRECTION

12. Plaintiff realleges paragraphs 1 through 11.

13. Defendants have a clear, non-discretionary, ministerial duty under federal law and regulations to maintain accurate military records, correct administrative clerical errors on retirement orders, and properly process entitlement determinations under 10 U.S.C. § 1413a.

14. Defendants' multi-year failure to issue a corrective DD Form 215 and adjudicate Plaintiff's CRSC entitlement constitutes an unlawful withholding of agency action actionable under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1).

COUNT II: VIOLATION OF THE PRIVACY ACT OF 1974

15. Plaintiff realleges paragraphs 1 through 11.

16. Defendant Department of Veterans Affairs violated 5 U.S.C. § 552a by failing to maintain administrative safeguards for Plaintiff's records and unlawfully transmitting unencrypted medical data over commercial electronic mail.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court issue an Order and Writ of Mandamus:

A. Compelling Defendant Secretary of the Army and HRC to immediately correct Plaintiff's military records, supersede erroneous retirement orders, and issue a DD Form 215 recognizing Plaintiff's combat-related disability status for CRSC purposes;

B. Compelling Defendant Department of Veterans Affairs to formally investigate and report the unencrypted Gmail data breach in accordance with federal privacy statutes;

C. Enjoining Defendants from further administrative obstruction of Plaintiff's medical and financial entitlements; and

D. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of October, 2026.

/s/ Jeremy E. Daniels

______________________________________

Jeremy E. Daniels, Pro Se

64 Swan Circle

Henderson, NV 89074

360-878-1769

jdaniels807@gmail.com